# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ALLAN D. SIMS, JR.,**

    **Plaintiff,**

vs.                                         Case No. 4:18cv431-MW/CAS

**BRYAN HAYDEN, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case on September 11, 2018. ECF Nos. 1-2. Plaintiff was granted in forma pauperis status, ECF No. 5, and was subsequently directed to file several amended complaints. ECF Nos. 5, 7, 9, and 15. The last Order entered in this case gave Plaintiff until July 3, 2019, to file a fourth amended complaint. ECF No. 15. Plaintiff has not done so, but it does not appear that Plaintiff received that Order either.

In March 2019, an issue arose with Plaintiff's mailing address. When Plaintiff initiated this case, he was a non-prisoner proceeding pro se. ECF No. 1. The Clerk's notice which is issued to all pro se litigants, ECF No. 3, was returned to the Court as insufficient. ECF No. 4. Subsequently, the

Clerk of Court re-mailed it to Plaintiff at the same address (2825 Watts Road) and it appears that it was received by Plaintiff along with the Court Order, ECF No. 5. Plaintiff filed an amended complaint on October 23, 2018, and again listed his address as: 2825 Watts Road in Perry, Florida, *see* ECF No. 6 at 2, which was a slight modification of the address Plaintiff listed in the original complaint, 2585 Watts Road, and in another section of the amended complaint. *Id.* at 7; ECF No. 1 at 2, 12. Plaintiff's second amended complaint once again listed his address as 2585 Watts Road, ECF No. 8 at 2, although his mailing envelope provided the address as 2825 Watts Road. ECF No. 8 at 8. Thus, Plaintiff has used two different house numbers: 2585 and 2825.

In late February 2019, Plaintiff submitted a document to this Court which was unsigned and unclear. ECF No. 10. Nevertheless, Plaintiff advised that he had been incarcerated at the Taylor County Jail and his mailing envelope listed his address at the Jail as: 589 Highway 27 East in Perry, Florida. ECF No. 10. An Order was entered on March 1, 2019, directing Plaintiff to file a third amended complaint. ECF No. 11. That Order was returned to the Court as "undeliverable" with a hand-written notation on the envelope indicating Plaintiff was "not in jail." ECF No. 14.

Despite that mail return, Plaintiff submitted a third amended complaint to this Court, ECF No. 13, indicating that Plaintiff received the Order.

After review of Plaintiff's third amended complaint, ECF No. 13, another Order was entered explaining several problems with the complaint. In particular, Plaintiff did not use the complaint form provided to him by the Clerk and continued to use conflicting addresses.  At the end of his complaint, Plaintiff listed his address in the signature block as 2585 Watts Road.  ECF No. 13 at 14.  However, when listing the parties to this action, Plaintiff stated that his address was 2825 Watts Road, *id.* at 3, and he listed that address on the envelope he used to mail his complaint to the Court.  ECF No. 13 at 40.

Moreover, Plaintiff's third amended complaint was deficient because Plaintiff had been required to clarify whether or not he was currently facing criminal charges related to the claims he brings against the Defendants. ECF No. 11 at 4.  He did not do so in the third amended complaint.  Plaintiff also did not provide a clear statement of facts to support his claims against the Defendants.  Instead, Plaintiff provided only conclusory allegations which are insufficient to state a claim.  Thus, Plaintiff was directed to file a fourth amended complaint. ECF No. 15.  The doctrine of *respondeat*

*superior* was explained to Plaintiff and he was required to name persons as Defendants only if those persons were involved in the events at issue in this case or were otherwise responsible for creating a policy or procedure that caused an constitutional deprivation.  In addition, Plaintiff was required to dismiss the two state court judges he named as Defendants because judges have absolute immunity.  ECF No. 15.

The Order was twice returned to this Court as undeliverable.  ECF Nos. 16, 17.  It has now been seven months since any document was received from Plaintiff.  Accordingly, in addition to Plaintiff's third amended complaint being deficient, Plaintiff has abandoned this litigation.  This case should now be dismissed.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, ECF No. 13, be **DISMISSED** for failure

to state a claim upon which relief may be granted and because Plaintiff has failed to comply with a Court Order and prosecute this case.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2019.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**